IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 20-37 |
| KRISTIE MARRACCINI | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Brian M. Czarnecki, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Social Security Fraud<br><br>From in and around August 2016 to in and around December 2017 | 42 U.S.C. § 408(a)(5) |

FILED
FEB 04 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### II. ELEMENTS OF THE OFFENSE

**A.    As to Count One:**

In order for the crime of Social Security Fraud in violation of 42 U.S.C. § 408(a)(5), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant made application to receive payments under Title 42, Chapter 7, Subchapter II of the United States Code.

2. The defendant accepted on behalf of another a benefit payment.

3. The defendant knowingly and willfully converted such benefit payment or any part thereof to a use other than for the use and benefit of such other person.

42 U.S.C. § 408(a)(5).

### III. PENALTIES

A. **As to Count One: Social Security Fraud (42 U.S.C. § 408(a)(5)):**

1. A term of imprisonment of not more than five years (42 U.S.C. § 408(a)(5));

2. A fine not more than the greater of;

   (a) $250,000.00 (18 U.S.C. § 3571(b)(3));

   or

   (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three years (18 U.S.C. § 3583(b)(2));

4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon conviction pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 42 U.S.C. § 408(a)(5) and 18 U.S.C. §§ 3612, 3663, and 3664.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

_____
BRIAN M. CZARNECKI
Assistant U.S. Attorney
DC ID No. 1047275

3