**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 20-37** |
| | ) | |
| **KRISTIE MARRACCINI** | ) | |

<u>**FINDINGS OF FACT and CONCLUSIONS OF LAW**</u>

The above-captioned case involves a single count criminal Indictment issued February 4, 2020, against Defendant Kristie Marraccini, charging her with Social Security Fraud in violation of 42 U.S.C. § 408(a)(5) from in and around August 2016 to in and around December 2017. ECF No. 1. Specifically, the Indictment charges that Kristie Marraccini, having made application to receive payments under Title 42, Chapter 7, subchapter II, of United States Code, for the use and benefit of another and having received such benefit or any part thereof totaling approximately $13,071.00, to a use other than for the use and benefit of such other person.

A nonjury trial was held on April 28, 2021. The Government offered testimony and evidence asserting that Social Security dependent payments for the minor, Melissa Marraccini, , in the amount of $814 per month from August 1, 2016 through December 2016 and in the amount of $817 per month from January 2017 through December 2017, were paid by direct deposit to the account of Kristie Marraccini. The total of payments made for Melissa Marraccini during said period was $13,874.00. The Government asserts that Kristie Marraccini received said sums for the benefit of Melissa Marraccini as her representative payee. Finally, the Government alleges that Kristie Marraccini accepted said payments into her personal checking account and that she knowingly and willfully converted said benefit payments to her own use and not for any benefit of the minor beneficiary, Melissa Marraccini. Following nonjury trial, the Court hereby enters the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.      Defendant Kristie Lee Marraccini, as of September 29, 2010, was no longer able to work due to undifferentiated somatoform disorder, depression, and anxiety.  (Govt. Ex. 1).

2.      On December 29, 2011, an application for benefits was received by the Social Security Administration on behalf of applicant, Kristie Lee Marraccini.  Said application disclosed one minor dependent child, Melissa Marraccini.  (Govt. Ex. 1, at 2.)

3.      On December 30, 2011, Kristie Marraccini spoke with the Social Security Administration and completed her application for Social Security Disability Benefits.  (Govt. Ex. 2.)

4.      On April 24, 2012, Kristie Marraccini was notified of her entitlement to monthly Social Security Disability Benefits for herself, beginning March 2011.  (Govt. Ex. 3.)

5.      Said award provided for a lump sum retroactive benefit payment of $19,690 and for a continuing monthly benefit of $1,552.  Payments were directly deposited to Kristie Marraccini's designated financial institution.  (Govt. Ex. 3).

6.      On May 7, 2012, Kristie Marraccini spoke with the Social Security Administration and completed her application for Social Security Benefits for the minor child, Melissa S. Marraccini.  (Govt. Ex. 4).

7.      On May 12, 2012, Kristie Marraccini, for Melissa Marraccini, was notified of Melissa Marraccini's entitlement to monthly Social Security Child's Benefit beginning March of 2011.  (Govt. Ex. 5).  Said notice also advised that Kristie Marraccini was chosen as Melissa Marraccini's representative payee to receive Melissa Marraccini's benefit checks and to use the benefit payments for Melissa Marraccini's needs.  (Govt. Ex. 5).

2

8.      Said award provided for a lump sum retroactive benefit payment of $10,621.00 and for a continuing monthly benefit of $776.  (Govt. Ex. 5).  Payments were directly deposited to the financial institution designated by Kristie Marraccini.  (Govt. Ex. 5).

9.      The Social Security Notice of Award also advised that as a representative payee, Kristie Marraccini had additional responsibilities that were set forth in the pamphlet enclosed with the Benefit Award Notice, "A Guide For Representative Payees."  (Govt. Ex. 5).

10.     Direct payments of monthly Social Security Benefits for both Kristie Marraccini and Melissa Marraccini were made to Kristie Marraccini's personal checking account at Century Heritage Federal Credit Union.  (Govt. Exs. 6, 7, & 8).

11.     As of July 27, 2016, monthly Social Security Dependent Child Benefit payments for Melissa Marraccini had increased from $776 to $814 per month.  (Govt. Ex. 6).

12.     Social Security payments for Melissa Marraccini that were deposited into Kristie Marraccini's Century Heritage Federal Credit Union account between August 2016 through December 2017, totaled $13,874.00.  (Govt. Ex. 11).

13.     In late July 2016, following an argument between Kristie Marraccini and Melissa Marraccini, Melissa Marraccini left Kristie Marraccini's residence and she thereafter exclusively resided with her father, Eugene Marraccini and Eugene Marraccini's parents at 5012 Third Street, McKeesport, PA 15132.

14.     After July 2016, except for $400 in cash that Kristie Marraccini testified she gave to Melissa Marraccini, no appreciable financial or other contributions were made by Kristie Marraccini, or accepted by Melissa Marraccini, for the benefit of Melissa Marraccini.

15.     After July 2016, none of Melissa Marraccini's Social Security Benefit payments that Kristie Marraccini received as representative payee for Melissa Marraccini were saved for Melissa Marraccini.  None of the Social Security Benefit payments for Melissa Marraccini were paid to Melissa Marraccini or used for the benefit of Melissa Marraccini.

3

16.     From August 2016 through December 31, 2017, Kristie Marraccini continued to receive Melissa Marraccini's monthly dependent benefits by direct deposit into her personal checking account.  All such benefits were applied towards Kristie Marraccini's personal and living expenses.

17.     On August 1, 2017, Kristie Marraccini, as payee of Melissa Marraccini's benefits, completed a Representative Payee Report for the period June 1, 2016 to May 31, 2017.  (Govt. Ex. 15).  Kristie Marraccini answered the following questions:

2.  Did [Melissa S. Marraccini] live with you from 06/01/2016 to 05/31/17?  If NO, please explain and provide [Melissa S. Marraccini's] current address in remarks on the back of this form.  Kristie Marraccini answered "yes."

3.A.  Did you [Kristie Marraccini] decide how the $9,783 was spent or saved for [Melissa S. Marraccini]?  If NO, please explain in remarks on the back of this form.  Kristie Marraccini answered "yes."

3.B.  How much of the $9,783 did you use for the care and support of [Melissa Marraccini] between 06/01/16 and 05/31/17?  Kristie Marraccini answered $9,783.

3.C.  Show how much, if any, of the $9,783 you saved for [Melissa Marraccini] as of 05/31/2017.  If none, show zeros."  Kristie Marraccini answered with zeros.

Further, Kristie Marraccini made no additions or explanations in the remarks section of the form.

18.     Kristie Marraccini's answers on the Representative Payee Report (Govt. Ex. 15), noted at Finding of Fact 17 above, were false.

19.     Throughout the period of time at issue, August 2016 through December 31, 2017, all Social Security deposits to Kristie Marraccini's bank account with Century Heritage Federal Credit Union were spent by Kristie Marraccini for her exclusive personal benefit (Govt. Exs. 7 and 8).

20.     None of the Social Security Benefit payments for Melissa Marraccini that were deposited between August 2016 through December 2017 were used for Melissa Marraccini's benefit and none of the funds were saved for Melissa Marraccini.

21.     Kristie Marraccini admitted that between August 2016 and December 31, 2017, she used Melissa Marraccini's Social Security Benefit payments for Kristie Marraccini's own personal expenses.

22.     Kristie Marraccini received disability insurance payments from UNUM, from her former employment, in the amount of $2,502.50, beginning January of 2012.  After one year, the insurance policy required Kristie Marraccini to apply for Social Security Disability for herself and for any qualifying dependent.  (Def. Ex. 2).

23.     UNUM offset the disability insurance payments it made to Kristie Marraccini by the amount of the Social Security Disability Benefit Kristie Marraccini received for herself and for and any derivative family benefit.  As such, the $2,502.50 UNUM monthly disability insurance payment was reduced by Kristie Marraccini's $1,552 Social Security Disability Benefit and by Melissa Marraccini's $776 Social Security Benefit.  This resulted in a monthly UNUM payment to Kristie Marraccini in the amount of $353.50.  (Govt. Ex. 8).

24.     Kristie Marraccini attempted contact with Melissa Marraccini during the period of August 2016 through December 31, 2017; however, except for one dinner at a restaurant, Melissa Marraccini refused most contact.

25.     Kristie Marraccini testified that she offered to buy some clothing and shoes and give gift cards to Melissa Marraccini during the period of August 2016 through December 2017, but that Melissa Marraccini refused her offers.

26.     Kristie Marraccini did not tell Melissa Marraccini that Kristie Marraccini was receiving monthly Social Security Benefits as the representative payee for Melissa Marraccini until 2018, after Melissa Marraccini had turned 18 and was graduating high school.

27.     Melissa Marraccini testified that, if she had known Kristie Marraccini was receiving and retaining her Social Security Dependent Benefit payment each month as representative payee, Melissa Marraccini would have wanted and accepted those funds as they were for her benefit.

28.     Kristie Marraccini testified that she did not disclose to on the Representative Payee Report that Melissa Marraccini had moved to her father's residence.  Kristie Marraccini admitted that she lied on the Representative Payee Report for the period June 1, 2016 through May 31, 2017.

29.     Kristie Marraccini testified that she was confused and that she and Eugene Marraccini had agreed that Kristie Marraccini could keep Melissa Marraccini's Social Security Dependent Benefit payment for Kristie Marraccini's personal use and benefit to offset support issues.  Kristie Marraccini's testimony regarding these matters was not credible.

<u>CONCLUSIONS OF LAW</u>

1.     The elements of the offense of Social Security Fraud in violation of 41 U.S.C. § 408(a)(5) are as follows:

1) That Kristie Marraccini made application to receive payments under Title 42, Chapter 7, subchapter II, of United States Code.

2) That Kristie Marraccini accepted on behalf of another a benefit payment.

3) That Kristie Marraccini knowingly and willfully converted such benefit payment, or any part thereof, to a use other than for the use and benefit of the other person.

2     The evidence in this case clearly establishes that, for the time period at issue in this case, August 2016 through December 31, 2017, Kristie Marraccini received Melissa Marraccini's Social Security Dependent Benefits and Kristie Marraccini utilized them for her,

Kristie Marraccini's, sole benefit.

      3.     The funds were not paid for or to Melissa Marraccini's benefit.

      4.     The funds were not saved for Melissa Marraccini's benefit.

      5.     Kristie Marraccini seems to argue that, because her UNUM disability insurance policy required an insurance benefit deduction to offset Social Security Benefits received by Kristie Marraccini for herself and for her family, the Social Security Dependent Benefit payments for Melissa Marraccini were payments that Kristie Marraccini was entitled to retain. Such argument does not alter the fact that Kristie Marraccini had a legal responsibility to apply Melissa Marraccini's Social Security Dependent Benefit for the exclusive benefit of Melissa Marraccini. Such responsibility was clearly Kristie Marraccini's obligation as representative payee for Melissa Marraccini. However, as stated, Kristie Marraccini used all of the Social Security Benefits during the time period from August 2016 through December 31, 2017, for her own benefit.

      7.     Further, while Kristie Marraccini's testimony about an agreement with Mr. Marraccini that permitted her to retain Melissa Marraccini's Social Security Dependent Benefit payments for her own personal use lacks credibility, such testimony and position by Kristie Marraccini is irrelevant.

      8.     Kristie Marraccini's legal obligation in this case was to the Social Security Administration and to Melissa Marraccini. Kristie Marraccini was required to use or save said payments for Melissa Marraccini. Such obligation was not subject to any unilateral alteration by any third-party agreement. As such, while no such agreement was proven in this case due to Kristie Marraccini's lack of credibility on the topic, Kristie Marraccini's argument on this issue presents no credible or legal defense in this case.

9.      The defense also argues that the government has not proven that Kristie Marraccini "knowingly" and "willingly" converted Melissa Marraccini's Social Security monthly benefit to a use other than for Melissa Marraccini, as a required element of the charged offense.

10.     The government is required to prove that Kristie Marraccini acted "knowingly" with respect to the third element of the offense.  This means that the government must prove beyond a reasonable doubt that Kristie Marraccini was conscious and aware of the nature of her actions and of the surrounding facts and circumstances, as specified in the offense charged. Third Circuit Model Jury Instr. (Criminal), § 5.02.  "Knowingly" does not require that Kristie Marraccini knew that the acts charged, and surrounding facts amounted to a crime.

11.     The phrase "knowingly" as used in the offense charged, requires the government to prove beyond a reasonable doubt that Kristie Marraccini knew (was conscious and aware) that she was converting Melissa Marraccini's benefit payment, to a use other than for the use and benefit of Melissa Marraccini.  As long as the government proves beyond a reasonable doubt that Kristie Marraccini knew she was converting Melissa Marraccini benefit payments for a use other than for the use and benefit of Melissa Marraccini, the government need not prove what Kristie Marraccini used the converted benefit payments for.  United States v. Black, 516 F. App'x 891, 893 (11th Cir. 2013 ) (government did not need to prove specifically how defendant spent the benefits checks in order to sustain a conviction for representative payee fraud, only that defendant knowingly and willfully converted the payments (or any part of them) to a use other than his child's support and care).

12.  The charged offense also requires the government to prove that Kristie Marraccini acted "willfully" with respect to the third element of the offense. This means the government

must prove beyond a reasonable doubt that Kristie Marraccini knew her conduct was unlawful and that she intended to do something that the law forbids. Third Circuit Model Jury Instr. (Criminal), § 5.08. That is, that Kristie Marraccini acted with a purpose to disobey or disregard the law. "Willfully" does not, however, require proof that Kristie Marraccini had any evil motive other than the purpose to disobey or disregard the law. Bryan v. United States, 524 U.S. 184 (1998) (to establish a "willful" violation of a statute, government must prove that defendant acted with knowledge that her conduct was unlawful). In addition, "Willfully" does not require proof that Kristie Marraccini knew of the existence and meaning of the statute making her conduct criminal.

13.     Considering the evidence of what Kristie Marraccini did, failed to do, how she acted, and all the other facts and circumstances shown by the evidence, the Court concludes that Kristie Marraccini acted "knowingly."

14.     The Court further finds that Kristie Marraccini acted "willfully," as the evidence shows beyond a reasonable doubt that Kristie Marraccini knew that, as payee representative for Melissa Marraccini, she was to use Melissa Marraccini's benefit payments for the benefit of Melissa Marraccini and therefore she knew that to use said payments for another use (i.e., her own personal use) was unlawful and that she intended to do something that the law forbids.

15.     The defense also argues that "knowingly" and "willfully," as set forth in Section 408(a)(5), establishes that such offense is a specific intent crime.

16.     The defense offered no legal authority, and the Court was unable to find any legal authority, to support that Social Security Fraud, in violation of 42 U.S.C. § 408(a)(5), as charged against Kristie Marraccini is a specific intent crime.

17.     Case law and commentary agree that traditional common law "specific intent"

crimes comprise a limited and "narrow class of crimes."  Third Circuit Model Jury Instr. (Criminal), CH. 5 "Mental States" and § 5.03, comment (citing <u>United States v. Bailey</u>, 444 U.S. 394, 405 (1980)).  In <u>Bailey</u>, the Supreme Court cited inchoate offenses of attempt and conspiracy, treason, and homicide done with "the specific purpose of taking another's life" as crimes that require a heightened "specific intent."  <u>Bailey</u>, 444 U.S. at 405.  The offense charged here is not an offense requiring "heightened culpability" or "a heightened mental state," <u>Bailey</u>, 444 U.S. at 405, and therefore is not a "specific intent" crime.

18.     The evidence in this case establishes beyond a reasonable doubt that Kristie Marraccini's converted Melissa Marraccini's Social Security Benefits for her own use between August 2016 and December 2017.  Said benefits were not used, or saved, to any benefit for Melissa Marraccini.

<u>CONCLUSION</u>

1.   Kristie Marraccini made an application to receive Social Security Benefit payments for Melissa Marraccini as a dependent child under Title 42, Chapter 7, subchapter II, of the United States Code.

2.     Between August 2016 and December 31, 2017, Kristie Marraccini accepted Melissa Marraccini's monthly Social Security Dependent Benefit as Melissa Marraccini's representative payee on behalf of Melissa Marraccini.

3.     During the period from August 2016 through December 31, 2017, Kristie Marraccini knowingly and willingly converted $13,874 of Melissa Marraccini's Social Security Administration Dependent Benefits for Kristie Marraccini's own personal use, such use being other than for the use and benefit of Melissa Marraccini.

4.      All of the above conclusions were in violation of Title 42, United States Code, Section 408(a)(5).

5.      In light of the Findings of Fact and Conclusions of Law, this Court finds that the Defendant, Kristie Marraccini, is guilty of violating 42 U.S.C. § 408(a)(5) as charged in Count One of the Indictment at the above case number.  A judgment of guilty shall be entered as to Count One of the Indictment against Kristie Marraccini.

An appropriate Order will be entered.


Dated: <u>May 20, 2021</u>

Marilyn J. Horan
United States District Court Judge